UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

GASNER RACINE and JOCELYNE
VASQUEZ,

                    Plaintiffs,

          - against -

CENTRAL FUNDING CO. and
COLUMBIA CAPITAL CO.,

                    Defendants.

-------------------------------------------------------- x

**MEMORANDUM & ORDER**

12 cv 4745 (RJD) (JO)

DEARIE, District Judge

Plaintiffs Gasner Racine and Jocelyne Vasquez contest defendants' foreclosure on two

properties in Brooklyn where plaintiffs operated a cafe and catering business. The judgment of

foreclosure—to which plaintiffs consented—was entered by the Supreme Court in Kings County

on December 17, 2009. To the extent that any claim survived this judgment on consent,

plaintiffs have had every opportunity to litigate it in state court. What plaintiffs now seek is

essentially a reversal of the foreclosure proceedings decided by the state court. The Court heard

argument on April 29, 2013 and granted defendants' motion to dismiss with an opinion to

follow. This opinion explains my reasoning.

The Court assumes the parties' familiarity with the relevant facts.

None of the plaintiffs' three alleged grounds for jurisdiction gives this Court power to

hear their claims. A federal district court must dismiss a complaint under Federal Rule of Civil

Procedure 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it."

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiffs' first ground for

jurisdiction, diversity of the parties, is not apt because all parties reside in New York. See 28

U.S.C. § 1332. Under the Truth in Lending Act (plaintiffs' second ground for jurisdiction) plaintiffs' claims are several years too late and prohibited by the one-year statute of limitations, which operates as a jurisdictional bar. 15 U.S.C. § 1539-40. The plain language of § 1640(e) limits lower federal courts' jurisdiction to adjudicating violations within one year of their alleged occurrence: "[A]ny action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation." § 1640(e). See also Hays v. First Nat'l Bank of Springfield, 582 F. Supp. 244, 246 (D. Col. 1984) ("failure to bring a timely action [under Truth in Lending Act] deprives the court of jurisdiction"). Plaintiffs have not alleged any basis for equitable tolling. See Cardiello v. Money Store, 2001 WL 604007, at *4 (S.D.N.Y. June 1, 2001) (Buchwald, J.), aff'd by 29 F. App'x 780, 781 (2d Cir. 2002) (no equitable tolling where plaintiff did not allege "fraudulent concealment" by mortgagor).

In addition, the Rooker-Feldman doctrine prevents collateral attack against a state court's foreclosure judgment. See Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 155 (E.D.N.Y. 2010) (Bianco, J.), aff'd by 446 F. App'x 360 (2d Cir. 2011) (holding Rooker-Feldman, res judicata, and claim preclusion barred plaintiff's federal court challenge to state judgment of foreclosure). Rooker-Feldman requires dismissal of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[,] and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Inds. Corp., 544 U.S. 280, 284 (2005). Racine and Vasquez are just the kind of plaintiffs to whom Rooker-Feldman applies: they lost their foreclosure battle in Kings County; now they seek a second shot in a federal forum. See id. "Although plaintiff[s] ha[ve] labeled the relief in the complaint as seeking monetary damages, it is abundantly clear that the

whole purpose of this action is to stop and undo the foreclosure judgment." Swiatkowski, 745 F. Supp. 2d at 165. Rooker-Feldman therefore deprives this Court of subject matter jurisdiction.

As in the Swiatkowski case, plaintiffs' claims are also barred by res judicata. See id. 170-71 (noting state foreclosure judgment was "on the merits" and involved same parties).

For the reasons stated above, the Court grants defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiffs' claim for constitutional violations under 42 U.S.C. § 1983 is dismissed because § 1983 does not apply to private actors, and plaintiffs allege no state involvement.

The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       May _1_, 2013

                                        /s/ Judge Raymond J. Dearie

                                        RAYMOND J. DEARIE
                                        United States District Judge